UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

      Petitioner,

v.                          Case No:  2:18-mc-13-FtM-29CM

KEVIN M. FLEISHMAN,

      Respondent.

_____

**REPORT AND RECOMMENDATION[1]**

    This matter comes before the Court upon the United States' Petition to Enforce Internal Revenue Service ("IRS") Summons ("Petition") filed on August 16, 2018. Doc. 1.  The United States seeks to enforce an IRS summons served upon Respondent Kevin Fleishman.  *Id.* at 1.  The Court held a hearing on November 7, 2018, for which Respondent did not appear.  Doc. 5.  For the reasons stated below, the Court respectfully recommends the summons be enforced.

    The Petition states that the IRS is investigating the tax liability of Respondent for the taxable periods ending December 31, 2015 and December 31, 2016.  Doc. 1 at 1-2.  The Petition further alleges that Respondent is in possession of testimony and other documents relevant to the investigation; the documents and other records

_____

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

sought by the summons are not already in the IRS's possession; the IRS has taken all administrative steps required by the Internal Revenue Code prior to issuance of the summons; and it is necessary to obtain the testimony and documents sought by the summons to determine Respondent's tax liability.   *Id.* at 1-2.   The United States alleges the IRS issued a summons directing Respondent to appear before a revenue agent on April 16, 2018 to testify and produce documents, Respondent failed to appear, and he continues to refuse to comply with the summons.   *Id.* at 2.

Along with the Petition, the United States filed a sworn declaration of the revenue agent who issued the summons.   Doc. 1 at 4-6.   The declaration, similar to the Petition, states a revenue agent served the summons on Respondent on March 20, 2018; Respondent failed to appear on the requested date of April 16, 2018; the records and documents sought by the summons are not already in the IRS's possession; all administrative steps required for the issuance of the summons have been completed; no recommendation for criminal prosecution of Respondent has been made as of the date of the declaration; and it is necessary to obtain the testimony and records sought by the summons to determine Respondent's tax liability.   *Id.* at 4-6.

The Court issued an Order on September 5, 2018, directing Respondent to appear before the undersigned on November 7, 2018 at 10:00 a.m. to show cause why he should not be compelled to comply with the summons.   Doc. 2 at 1.   The Order directed a revenue agent to serve Respondent with the Petition and Order and file proof of service as soon as practicable.   *Id.* at 1-2.   The Order directed Respondent that, if he opposed any portion of the Petition, he must file the opposition in writing

at least 14 days prior to the hearing date. *Id.* at 2. The Order further stated that at the hearing, only the issues brought into controversy by Respondent's opposition would be considered, and any uncontested allegation in the Petition would be deemed admitted. *Id.* The United States filed proof of service on September 18, 2018, in which a revenue agent states she served Respondent with the Petition and Order on September 14, 2018 at Physicians Primary Care of Southwest Florida, 9021 Park Royal Drive, Fort Myers, Florida. Doc. 4. Respondent, however, did not file a written response to the Order and failed to appear at the time scheduled for the hearing. The United States requested at the hearing that the Court enforce the summons and consider sanctions on Respondent for failure to appear.

The United States Supreme Court has held that an IRS summons is to be judicially enforced upon a showing that: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought by the summons is not already within the IRS's possession; and (4) the IRS has followed the administrative steps required by the Internal Revenue Code for issuance of a summons. *U.S. v. Powell*, 379 U.S. 48, 57-58 (1964). The United States may make this "minimal" showing by filing with the petition the sworn affidavit or declaration from the revenue agent who issued the summons; upon such a showing, the burden shifts to the respondent to oppose enforcement of the summons. *Matter of Newton*, 718 F.2d 1015, 1019 (11th Cir. 1983); *U.S. v. Davis*, 636 F.2d 1028, 1034 (5th Cir. 1981).

Here, the United States has met its burden through the Petition and the declaration of the revenue agent who issued the summons, and Respondent has failed to oppose enforcement of the summons.   *See* Doc. 1 at 1-6; *Matter of Newton*, 718 F.2d at 1019; *Davis,* 636 F.2d at 1034.   Thus, the Court respectfully recommends the summons be enforced and Respondent be ordered to comply with the requirements of the summons and appear before an appropriate revenue agent to produce documents and testimony upon terms prescribed by the agent.   The United States also requested the Court sanction Respondent for his failure to appear at the hearing on November 7, 2018.[2]   The Court recommends that the United States' request be denied without prejudice to a renewed request should Respondent fail to comply with any future order enforcing the summons.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

The Court issue an Order **ENFORCING** the summons and Respondent be ordered to comply with its requirements and appear before a revenue agent upon terms prescribed by the agent.

---

[2] At the hearing, the United States suggested a monetary penalty of $100-$200 per day for each day Respondent continues to refuse to comply with the summons.

**DONE** and **ENTERED** in Fort Myers, Florida on this 13th day of November, 2018.


CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties